UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| FALCON RE INVESTMENTS, LLC, As agent for James and Graciela Coultress, <br><br>*Plaintiff,* <br><br>v. <br><br>ONEWEST BANK, FSB, <br><br>*Defendant.* | § § § § § § § § § § §   Civil Action No.  SA-12-CV-1066-XR |

**ORDER**

On this date, the Court considered Plaintiff's Request for Temporary Restraining Order and Preliminary Injunction and Request for Hearing (docket no. 17).  Plaintiff seeks an *ex parte* restraining order or a preliminary injunction to prevent a foreclosure scheduled for tomorrow, February 5, 2013.

Plaintiff Falcon Re Investments, LLC, as agent for James and Graciela Coultress ("the mortgagors")[1], filed this lawsuit in state court on October 2, 2012 to prevent a foreclosure sale of real property.  Plaintiff alleged that Defendant OneWest Bank ("OWB") lacks authority to foreclose because the assignment of the Deed of Trust is fraudulent, and also that "Plaintiff has never been sent a notice to cure stating the exact amount needed to cure the default in compliance with the Texas Property Code."  *See* docket no. 2-1.  Plaintiff obtained an *ex parte* TRO in state court, but Defendant

---

[1] According to the petition, James and Graciela Coultress are the mortgagors on the property pursuant to a note and deed of trust executed on October 7, 2005.  The Coultresses granted the property to Falcon Re Investments, LLC by General Warranty Deed on October 1, 2012.  They also executed a power of attorney with Falcon Re Investments as agent.

1

removed the case to this Court before a hearing was held on Plaintiff's motion for preliminary injunction, and thus the TRO expired by operation of law. *See* Tex. R. Civ. P. 680.

After removal, Defendant filed a motion to dismiss. Plaintiff filed a First Amended Complaint on December 20, 2013. The First Amended Complaint again asserts that OWB lacks authority to foreclose because the assignment is fraudulent, and alleges that neither "Plaintiff nor the original borrowers have ever been sent a notice to cure stating the exact amount needed to cure the default in compliance with the Texas Property Code." It further alleges claims for breach of contract and violations of Chapter 12 of the Texas Practice and Remedies Code. In response, OWB filed a motion to dismiss the amended complaint on January 9, 2013. Therein, Defendant contends that "[a]ll of Plaintiff's claims are predicated on the contrived argument that OWB lacks standing to foreclose because the Assignment is void" and that Plaintiff, as a nonparty to the assignment, lacks standing to challenge the assignment. Defendant also argues that Plaintiff's breach-of-contract and Chapter 12 claims fail to state a claim. Defendant does not address Plaintiff's claim that it did not receive the notice required by Texas Property Code § 51.001(d).

As noted, Plaintiff filed this motion for emergency relief this afternoon, seeking to prevent a foreclosure sale scheduled for tomorrow. Despite the fact that the Texas Property Code requires that notice of the foreclosure sale be sent at least 21 days before the date of sale and thus presumably notice would have been mailed no later than January 15, 2013, Plaintiff filed this motion at 1:08 p.m. on February 4 requesting a hearing "before February 5, 2013."

To be entitled to *ex parte* injunctive relief, the Plaintiff must demonstrate that it will suffer immediate and irreparable injury, loss, or damage before the adverse party can be heard in opposition and the movant's attorney must certify "in writing any efforts made to give notice and the reasons

why it should not be required." Fed. R. Civ. P. 65(b). As noted, Plaintiff waited until the last minute to seek injunctive relief and provides no explanation for why he did not file his motion with sufficient time to allow Defendant an opportunity to respond. Thus, the request for an *ex parte* temporary restraining order is denied.

To obtain a preliminary injunction or a TRO, Plaintiff must demonstrate a likelihood of success on the merits. With regard to Plaintiff's claim that the assignment is fraudulent, the Court on this date issued an opinion in *Routh v. Bank of America*, SA:12-CV-244-XR (W.D. Tex. Feb. 4, 2013) (docket no. 32). In that order, the Court concluded that a claim of a fraudulent assignment similar to the one being asserted in this case was sufficient to survive a motion to dismiss, and that the issue should be decided on summary judgment. That order addressed a motion to dismiss, however, and the Court must accept the factual allegations in the complaint as true in deciding such a motion. To obtain injunctive relief, the plaintiff must do more than simply rely upon the pleadings and must establish a substantial likelihood of success on the merits. Though the Court allowed the claim to proceed in *Routh*, it expressed its skepticism that the claim would ultimately succeed, and in fact reminded Plaintiff's counsel of his Rule 11 obligations. Plaintiff has provided no evidence to lend credibility to his allegations, and fails to demonstrate even a probability of success, much less a substantial likelihood of success on this claim that the assignment is fraudulent.

With regard to the lack of notice claim, Plaintiff contends that it and/or the original borrowers have never received the required notice under § 51.001(d), which states that "the mortgage servicer of the debt shall serve a debtor in default under a deed of trust or other contract lien on real property used as the debtor's residence with written notice by certified mail stating that the debtor is in default under the deed of trust or other contract lien and giving the debtor at least 20 days to cure the default

before notice of sale can be given." Plaintiff states that he is ready to cure the mortgagor's default to bring the loan current. However, Plaintiff again fails to elevate this claim to one substantially likely to succeed on the merits.

Further, even if Plaintiff could prove that the cure notice was not sent, Plaintiff fails to establish that he could cure the default. Defendant notes that the mortgagors violated paragraph 18 of the deed of trust by transferring their interest in the property without Defendant's consent. Paragraph 18 states that "[i]f all or any part of the Property or any Interest in the Property is sold or transferred . . . without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument." Deed of Trust ¶ 18. Thus, the deed of trust provides that the entire indebtedness may be accelerated upon a transfer of interest in the property. Accordingly, Plaintiff fails to show a substantial likelihood of success on the merits of the claim based on a lack of notice.

## Conclusion

Plaintiff's request for temporary restraining order and preliminary injunction and request for a hearing (docket no. 17) are DENIED.

It is so ORDERED.

SIGNED this 4th day of February, 2013

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE